The first case called for this afternoon is Bargman v. Wilson. Counsel, whenever you're ready, you may proceed. Good afternoon, Your Honor. May it please the Court, my name is Rich Thompson, and I represent the plaintiff, John Bargman. Very briefly, there were five plaintiffs in a partition suit. Ron Arbiter represented all five originally, including my client, John Bargman. John Bargman then shortly thereafter obtained his own attorney. When it came to apportionment of fees, the trial court apportioned fees as to the other four plaintiffs, given the fees to Mr. Arbiter, but not to the fifth plaintiff, John Bargman, my client. I'd like to say one thing that is new that wasn't in my brief or in the reply to address a little bit the standard of review. The appellation has said that the standard of review is abuse of discretion, incites a number of cases in which in a partition suit the decision whether or not to apportion attorney's fees is within the discretion of the trial court. However, that's not exactly our factual pattern here. Here, the trial court decided to apportion attorney's fees, but it only did it as to four-fifths of the attorney. So we argue that the abuse of the standard of review really should be denoted in that the trial court had discretion to apportion fees or not, but once it decided to apportion the fees, the plaintiff's attorney's fees pursuant to the statute, then its decision to separate us out, one plaintiff from the other four, and not apportion our fees, when the record shows by the affidavit of the other attorney that the work that we did was necessary and relevant to the entire partition action. We even participated in drafting the order. We took care of tenants' rights, some other so-called collateral issues. When there's no question that our work was essential to the resolution of the partition, for the trial court to apportion fees to four plaintiffs but not as to one, I think was not an abuse of discretion, but an error of law, a misapplication of the partition statute. So on that basis, we argue that the standard of review here is de novo rather than abuse of discretion based on the unique facts we have. I say unique facts because I think this is a case of first impression. There isn't any case, at least I didn't find any, that answers this particular issue, although there are a couple of cases that we cited that I think are very pertinent to show how the reasoning goes. The first of those, Jackson v. O'Connell, as you may recall, it pointed out that it's not necessary to be the original plaintiff in a partition to have one's attorney's fees apportioned. And then the court said, to decide otherwise would encourage a race to the courthouse to be the first to file a partition suit. Well, when you have a race, you have to have at least two runners. So this statement of the law here envisions that you can have more than one plaintiff and that you can have apportionment of fees among more than one plaintiff and presumably among more than one attorney as well. In addition, the Bailey case that we cite throughout talks about the reason why there is an apportionment statute. It says the statutory authorization, which includes a reasonable fee for plaintiff's attorney, is based upon a premise that plaintiff's attorney acts for all the parties having an interest in the property subject to partition. And here we are directly on the point in our case because, as I've already pointed out, Mr. Arbeiter, counsel for four plaintiffs, presented an affidavit to the court saying that what we, the fifth plaintiff, and our counsel did was just as important as what he did, that we worked together. So the work that we did, I think, satisfies the statutory authorization for apportionment of attorney's fees. If the court chooses to retain the use of discretion standard, doesn't accept our argument that it should be de novo, then I would focus on the trial court's statement when this issue of apportionment of John Bartman's fees came up. Trial court, as you may recall, said something like, well, I'm a little confused here. I don't have the file in front of me. But I noticed you listed John Bartman as a plaintiff, and I'm not going to apportion his fees because he didn't present any defense. It's a little confusing in the court's order. It appears confusing, yes, certainly to the reader. And it appears that the trial court may have momentarily, didn't have the file in front of it, they may have momentarily thought John Bartman was actually a defendant. And then it would make sense that he didn't have to interpose a defense. None of the defendants presented a defense. None of the defendants objected to the apportionment of fees in itself. So if the trial court had momentarily thought he was a defendant, then what it said would have made sense. And refusing to apportion his fees would have made sense as well. Even though there is at least one case, I think, where a defendant was entitled to fees because he's the one that presented the interest of the parties, correct? Was the total amount of the fees claimed for all of the litigation because the partition action was quickly resolved, I believe. And then there were collateral issues that were litigated. Correct. So was, as your client is speaking, attorney's fees for all of those matters or just for all of them, not just the partition action? Correct. And I think even though the partition statute, you know, refers to the party who presents the interest in the land correctly, there are tons of cases in which all those so-called collateral issues are included in the apportionment of fees. Because I said earlier, in order to get to the final resolution of the action, you have to take care of the tenant's rights, hire an auctioneer, go through the commissioners. You have to do all those things in order to resolve the lawsuit. And is there a specific case that says that the collateral issues, attorney's fees, are to be apportioned? I don't recall a case, but I think in our brief, we addressed collateral issues that they're a part of virtually every partition when apportionment is given. And there's not, as I recall, a case that separates the fees out in that way. Another way of looking at this issue is to ask the question, was the trial court wrong when it denied Mr. Arbeiter's motion to withdraw? Because recall that he first withdrew from representing Mr. Barton. So Mr. Barton's choice was to be unrepresented, or was the trial court in error to deny the motion to withdraw? That would seem to be an abuse of discretion. The cases we cite, of course, it's well known that a party has the constitutional due process right to obtain his own lawyer. Does that not apply in a partition action? Do you have to go with the original attorney for the original plaintiffs? Well, the case we already cited says no. So it seems that to deny John Barton his apportionment is effectively denying his right to obtain his own counsel in any meaningful way. The Jackson case says that not allowing a counterplay to get apportionment of fees would place too narrow a constriction on the partition statute. And I think that not allowing John Barton, a plaintiff whose work benefited the entire partition suit, originally represented as one of the five original plaintiffs to deny him his fees, would place too narrow a constriction on the statute as well. And therefore, we ask that you will return the trial court's order as to apportionment and send a mandate back that the fees be apportioned as prayed in his partition. And I have nothing further. Are there any questions? I don't believe there are. Thank you. Thank you. Counsel? May it please the court? Mr. Thompson? My name is Julie Katz, and I represent the Wilsons, Marlon and Teresa, who are the accolades in this matter. And I think probably the first point of order would be to discuss the standard of review because we do have a difference of opinion on that point. It is our position, as we've argued in our brief, that the standard of review would be an abuse of discretion standard. And one of the very issues that one of the cases I cited, Kaiserman v. Kaiserman, talks about the fact that the determination as to the amount and the allowance of attorney fees is a matter largely in the discretion of the trial court.  So the fact that opposing counsel takes issue with how much was awarded and whether or not his client's fees were included in that amount is one of the things that the Kaiserman case talks about being within the discretion of the trial court. The trial court had to make a determination as to whether or not that original partition complaint set out the parties' interests properly and whether or not there was a good substantial defense. It was the trial court's discretion whether or not it would have been proper to grant the apportionment of fees. Is there anything in the record to show why Mr. Arbeiter withdrew for just Mr. Bergman and continued to represent the other plaintiffs? There's nothing in the record. And, of course, Mr. Thompson, I need a moment. Trial attorneys indicate, and there's nothing in the record to indicate the reason whether it was a request made by Mr. Bergman or whether it was a request, the idea of Mr. Arbeiter to do that. So there's nothing that I saw in the record, at least, that would bring that issue to light. But the important point to note on the abuse of discretion standard, though, is all of the cases that are pointed to in both of our briefs that talk about the issue of attorney fees, all of them mention whether or not the trial court abused its discretion in deciding whether or not to apportion fees. I was unable to find, and Mr. Thompson didn't cite a case either that talked about a de novo standard on that same issue in petition cases. So it's our position, and we cited several cases that talk about an abuse of discretion standard in our brief. We would ask the court to follow that line of cases and to also find that in order to reverse Judge Doyle's decision, that this court would have to find that he abused his discretion. And I think when the court looks at the facts of this case, I think it will conclude that, in fact, he did not abuse his discretion. You don't dispute that the judge's order was a little confusing when it talked about Bergman being a defendant. Well, it didn't necessarily say he was a defendant. It said he didn't impose any good and substantial defense to the allegations and requests for relief in the partition action. Well, the part I'm looking at, I mean, we've got different quotes. I quote on page 9 of my brief where the court talks about, I read the statute, and what I think it turns on is whether or not there was a dispute in the case. The statute says a good and substantial defense. There was no defense filed in the case that summary judgment was granted in favor of Plano. No, no, I'm looking at the order that he entered June 4th. Oh, okay, well, I was looking at the quote he made before entering the order where he talked about when Mr. Bergman indicated that he was not being represented by Mr. Arvido and retained Mr. Fulvon, they didn't become party opponents. There was no counterclaim filed or anything else. So I think the court was acknowledging the fact that you went and got your own attorney, but you didn't file a pleading necessarily or a counterclaim at that point. And the court seemed to be saying, I'm going to deny both these, because I think the only appropriate person that should have been granted peace was Mr. Arvido, who filed the original partition action that set forth all the parties' rights. And the court must have concluded under those standards, then, that there was no need for defendants to employ counsel because the original complaint set forth all the interests properly, and therefore no need for Mr. Bergman to retain separate counsel. And I think that's the important point, and that's one of the things I want to ask. Mr. Dubower withdrew his petition. Is that correct? No. Well, they both asked for a portion of these, and both petitions were denied. What he withdrew was his objection to the amount of Mr. Arvido's fees, but there was a question asked by the court whether or not there was any objection to the amount. But both Mr. Dubower and Mr. Caldwell asked for fees, as well as Mr. Arvido, and the only one who was granted peace was Mr. Arvido. And I think the rationale that set forth in the case law for denying a defendant fees under those cases would equally apply to deny somebody who chooses to get separate counsel in this same situation. If all five plaintiffs had decided that they were all going to look at separate counsel, would we then be looking at what I would assume would be astronomical attorney fees and ask the defendants to have to bear in that particular apportionment? If your attorney withdraws, you're entitled to have another attorney representation. And certainly everyone has a right to do that. The question becomes whether or not all the parties have to pay for that. Certainly Mr. Bergman had a right to get counsel. The defendants had a right to get counsel. Mr. Dubower represented the defendants, but his fees weren't covered. The point of apportionment in a partition action is if the plaintiff does the job appropriately, lays out all the interests, names all the parties appropriately, I think there's three standards that have to be laid out for the plaintiff to get apportionment under the attorney fees. You have to basically set out all the interests fairly, name all the parties appropriately, and if, in fact, that's done, the rationale is then the defendants wouldn't have to get counsel because the plaintiff is basically doing the job for everyone. The defendants in this case chose to retain counsel. Judge Doyle said, you're going to pay your own fees. The plaintiff's partition action set forth all the rights properly. You didn't have to get attorney's defendants. You did, you're going to pay your own. Same thing with Mr. Bergman. You didn't have to go get separate counsel. You could have just gone along for the ride, but if you did, that's fine, but you pay your own attorney's fees. And I think that was the appropriate standard. Did Mr. Arbeiter say that Mr. Bergman assisted him throughout the partition proceeding? The affidavit is part of the appendix. I forget the exact wording of it, but there was an affidavit that said that to some extent they worked together on things, but there were certainly pleadings filed by Mr. Neubauer as well having to do with the selection of the receiver and the appointment of a receiver. There was a lot of collateral issues that went on after the partition action was granted for summary judgment. As a matter of fact, all of Mr. Bergman's work took place after that. His attorney was retained. Nothing happened from the point he retained Mr. Fahlbaum until the motion for summary judgment was granted. No pleadings were filed other than an entry of appearance. So everything that went on with Mr. Fahlbaum and Mr. Bergman went on after the partition had already been granted. I meant Fahlbaum, too. Oh, okay, I'm sorry. I'm sorry. And so everything that went on later was a collateral issue, and certainly all collateral issues have to be resolved. No doubt it gets to that final, I guess, point of the final order being entered, but Mr. Neubauer filed just as many pleadings and motions having to do with getting to that final point as did Mr. Fahlbaum, and it was appropriate. If you're not going to grant Mr. Neubauer's fees, then it doesn't make any sense to grant Mr. Bergman's fees either because the same rationale that would deny Mr. Neubauer's fees being paid by the Wilsons would also deny the fees that Mr. Bergman incurred with Mr. Fahlbaum. And one of the things I think the most important reason for not granting the fees under this situation would be the fact that it does, in fact, contravene the statute, that the point of apportionment is to avoid the need for all the litigants to have to go and retain counsel. And certainly, as I just mentioned, if each of the plaintiffs would have gotten their own attorneys and then asked for apportionment because they all worked together, you could see how that would become an astronomical amount if five different plaintiffs all retained five different counsel. In the cases that were cited by Mr. Thompson in his brief, both the Bailey case, certainly it did involve two law firms being granted attorney fees, but in that case it wasn't clear whether one had gotten out of the case and then another firm took up the case afterwards. It wasn't clear at all in the Bailey case whether or not there had been two firms in succession or whether or not they had acted as full counsel. The only thing that was clear in the caption of the case is that all of the attorneys were listed as representing all of the plaintiffs. So it wasn't the same situation as we have here where we have one plaintiff being represented by one attorney and the other four being represented by a different attorney. The same is true in the Jackson v. O'Connell case, which is cited as authority for you don't have to be the first plaintiff. Well, that's true, but Jackson O'Connell said you don't have to be the first plaintiff necessarily, but you have to be the first party to set forth the allegations of the plaintiff partition or the partition action appropriately, and in that case it was the counterplaintiff that had the fees awarded because they were the first plaintiff or the first party to set forth the proper pleadings. And I think what's really important to note here, when you look at the statute, when you look at the wording of the statute, the cases that have interpreted the statute hold that attorney fees may be awarded to the party whose attorney first files the pleadings that sets forth the rights and interests of all the parties. That person was Mr. Arbeiter. The complaint for partition filed by Mr. Arbeiter on behalf of all the plaintiffs was the first and only pleading to set forth the rights and interests of all the parties. Mr. Bargmann, through his attorney, never filed a separate partition action in his own name after he retained Mr. Falbaum. He didn't file any pleadings whatsoever prior to court granting summary judgment. So his pleadings simply don't qualify for apportionment under the statute. The only pleading that qualified for apportionment was the one filed by Mr. Arbeiter originally when he filed on behalf of all the plaintiffs. There's no statutory case law or authority based on what I've argued. I've been able to distinguish, I think, the two cases that talk about situations where plaintiff fees were awarded to somebody other than the original plaintiff. That's the Jackson case and the Bailey case, and I feel I've been able to distinguish those. Normally, a party pays their own fees. So when you have a shifting of fees, the court can do that, but there needs to be a statute that allows the shifting of fees, and that statute should be construed very narrowly if you're going to shift fees. And this fact pattern doesn't fit under the partition statute and the rationale for apportioning fees. And when you're shifting fees, this court needs to do that very strictly as did Judge Doyle. Judge Doyle felt that it needed to be narrowly construed, and he did so, and he did not feel that the fact pattern fit within the statute, and the court should affirm Judge Doyle's decision. Do you agree with your opponent that this is a case of first impression on this question? I've not been able to find a case where it's been exactly this issue, where one plaintiff has gone and gotten separate counsel. So I've not seen that either. I think it falls. However, though, because it is a narrow statute, and I think if it doesn't fall within the confines of the statute, then the only person that should have had the fees apportioned is Mr. Arbeiter, whose case, whose pleading does fall within the statute. He was the one that laid out the allegations, the only one that did that, and the only one that should have had his fees apportioned. The same rationale for denying the Wilsons their fees would equally apply to Mr. Farberman and the fees he incurred. Unless you have any questions, I believe that concludes my argument.  Thank you, counsel. Counsel? Your Honor, just a few responses. Our memory of the record is that Mr. Newbar withdrew his petition for fees, but that's what we remember. It seems that the appellee really wants to punish Dodd-Wargman for getting his own lawyer, and going along for the ride isn't a proper representation of the constitutional right to retain your own counsel. If he had five claims and five lawyers, could the fees be astronomical? They could be, and that's where the discretion of the trial court could come in not to apportion astronomical fees. If, in fact, those fees resulted from work done by five lawyers, all of which was necessary to the resolution of the partition action, then apportionment of an astronomical fee might be proper. It was correctly pointed out by the court that Mr. Arbeiter's affidavit does on 821 talk about the preparation of pleadings. Al-Fawwam, Bargman's attorney, took the lead in preparing pleadings and other documents necessary to advance the partition action. The legal work was on behalf of all clients, so there's no question the work benefited everyone. Ms. Katz focused a lot on the pleadings. He didn't file another pleading, therefore he doesn't get apportionment, but it's not a pleading-based statute, I don't think, even though, strictly speaking, the case law expands it to resolving the partition action. If you work toward that, you're entitled to apportionment of fees. Finally, I'd like to end with a quote from the trial court. When it denied apportionment to us, the court, having heard the argument, counsel determines that neither John Bargman nor Marlon Wilson, defendant, and Teresa Wilson, defendant, interpose any good and substantial defense to the allegations and request for relief in the partition action. Therefore, only an attorney's fees of Robert Arbeiter shall be apportioned. So it seems to me clear that the trial court group, John Bargman with the other defendants, Marlon Wilson, Teresa Wilson, mistakenly treated him as a defendant, denied his fees because he didn't present a defense. That quote is on page 1 of our appendix. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We will take the case under advisement.